IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Cr. No. 6:22-186-HMH |
| vs. | ) |
| | ) **OPINION & ORDER** |
| Anthony Wayne Hawkins, | ) |
| | ) |
| Movant. | ) |

This matter is before the court on Anthony Wayne Hawkins' ("Hawkins") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court denies Hawkins' § 2255 motion. Further, the court grants the Government's motion for summary judgment.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Hawkins was charged in a one count indictment with possession with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Hawkins filed a motion to suppress, arguing that there was no probable cause to stop and detain him or to search the vehicle in which he was a passenger on October 22, 2021. (Mot. Suppress, ECF No. 73.); (Mot. Suppress Hr'g Tr. 6, ECF No. 120.) During the search of the vehicle, cocaine was discovered in a hidden compartment. The court denied the motion to suppress, finding a valid stop and that consent was provided to search the vehicle. (Mot. Suppress Hr'g Tr. 50, ECF No. 120.) Hawkins was found guilty after a jury trial on August 23, 2022. On February 21, 2023, Hawkins was sentenced to 120 months' imprisonment. Hawkins appealed his sentence. On June 21, 2024, the United States Court of Appeals for the Fourth Circuit affirmed Hawkins's

1

conviction and sentence. United States v. Hawkins, No. 23-4130, 2024 WL 3083418 (4th Cir. June 21, 2025) (unpublished). On August 12, 2024, the Fourth Circuit denied Hawkins's petition for rehearing en banc. On September 4, 2024, Hawkins filed a petition for certiorari, which was denied on November 4, 2024. Hawkins v. United States, 145 S.Ct. 454 (Nov. 4 2024).

Hawkins filed the instant § 2255 motion on January 7, 2025,[1] alleging the following claims: (1) trial counsel was ineffective in failing to investigate and introduce exculpatory evidence and (2) prosecutorial misconduct based on a Brady[2] violation. (§ 2255 Mot., ECF No. 129.) After being ordered to submit his motion in proper form, Hawkins submitted his motion in proper form on February 10, 2025. (§ 2255 Mot. Attach., ECF No. 133.) The court ordered the Government to respond to Hawkins' motion on February 10, 2025. The Government filed a response and motion for summary judgment on March 19, 2025. (Gov't Resp. Opp'n & Mot. Summ. J., ECF Nos. 139 & 140.) In addition, on March 31, 2025, Hawkins filed a motion to supplement his § 2255 motion, which largely realleges the claims raised in his motion. However, Hawkins alleges two new claims: (1) that counsel was ineffective in failing to move to strike government witnesses for perjury and (2) that the traffic stop violated his Fourth Amendment rights. (Mot. Supplement, ECF No. 146.) Hawkins filed a response in opposition to the motion for summary judgment on April 10, 2025. (Resp. Opp'n, ECF No. 148.) This matter is now ripe for consideration.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] Brady v. Maryland, 373 U.S. 83 (1963)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

### B. Procedural Default

As an initial matter Hawkins' claim that the traffic stop was unlawful in violation of the Fourth Amendment is procedurally defaulted. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (citations and internal quotation marks omitted). Hawkins failed to raise this claim on appeal. If a movant directly appeals his sentence or conviction, issues that might have been but were not raised on direct appeal may not be raised subsequently in a § 2255 motion. Sanders v.

United States, 230 F.2d 127, 127 (4th Cir. 1956).   Generally, claims not raised on direct appeal may not be raised on collateral review unless defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is "actually innocent."   Bousley, 523 U.S. at 622 (internal citations omitted).

Hawkins has failed to show cause and actual prejudice.   Hawkins does not explain what cause prevented him from raising the issues on appeal.   "[A] petitioner cannot establish cause when the facts underlying the claim were in existence and were available upon a reasonably diligent search."   Rose v. Lee, 252 F.3d 676, 687 (4th Cir. 2001).

In addition, ineffective assistance of counsel can constitute "cause" excusing a procedural default.   Murray v. Carrier, 477 U.S. 478, 488-89 (1986).   Hawkins alleges that his trial counsel was ineffective for failing to adequately investigate and challenge the traffic stop. Hawkins contends that introducing Trooper Blair's dash and body camera footage would have "refuted the government's claims regarding the basis for the traffic stop."   (2255 Mot. 21, ECF No. 129.)   This argument is without merit.   Trial counsel filed a substantive motion to suppress challenging the traffic stop in this case utilizing Trooper Blair's body cam and dash footage. (Mot. Suppress 2, ECF No. 73.); (Hr'g Mot. Suppress Tr. 9-42, ECF No. 120.)   Further, a hearing was held and the court found that the stop was valid, and consent was provided to search the vehicle.   (Hr'g Mot. Suppress Tr. 50, ECF No. 120.)   Thus, Hawkins cannot establish cause for the default.

To establish "actual prejudice," the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere "possibility of prejudice."   Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494

4

(1986)). Hawkins cannot meet this standard. Further, there is no evidence to support a claim of actual innocence. To demonstrate a miscarriage of justice, the movant must prove "actual innocence" of the crime for which he was convicted, substantiating that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (citations and internal quotation marks omitted). "[T]o establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999) (citation omitted).

Based on the foregoing, Hawkins' claim challenging the traffic stop is procedurally defaulted. The court grants the Government's motion for summary judgment on this claim.

### C. Ineffective Assistance of Counsel Claims

Hawkins also raises an ineffective assistance of counsel claim[3] for his attorney's failure to investigate and introduce exculpatory evidence, challenge the suppression of exculpatory and impeaching evidence, failure to strike government witnesses for perjury, and effectively examine government witnesses.

"[A] defendant who claims ineffective assistance of counsel must prove (1) 'that counsel's representation fell below an objective standard of reasonableness' . . . and (2) that any

---

[3] The procedural default rule does not impact claims for ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003) ("An ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.")

5

such deficiency was 'prejudicial to the defense.'" Garza v. Idaho, 139 S. Ct. 738, 744 (2019) (quoting Strickland v. Washington, 466 U.S. 668, 686-88 (1984)). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Washington, 466 U.S. at 689. In order to prove prejudice, Hawkins must "show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." Id. at 694.

Hawkins conclusory claims are without merit. Hawkins alleges that his attorney did not investigate, obtain, or challenge the suppression of exculpatory and impeaching "[d]ash and body cam footage demonstrating that Trooper Blair's account was false" and "[i]nformation about the Georgia State Patrol's alleged involvement, including any ALPR [license plate recognition] alerts, which formed the basis of the stop." (2255 Mot. 2, ECF No. 129.) The Government provided Trooper Blair's video footage to defense counsel and introduced Trooper Blair's body camera, dash camera, and in-car camera into evidence at trial. (Gov't Resp. Mot. Suppress 2 n.3, ECF No. 76.); (Tr. Trans. 2, Exs. 3-5, ECF No. 119.) In addition, this evidence was material to the suppression hearing, which occurred prior to trial. (Hr'g Mot. Suppress Tr. 9-42, ECF No. 120.) In his motion to suppress, Hawkins' counsel references the information that the Government provided regarding the Georgia State Patrol and the license plate recognition hit on the vehicle. (Mot. Suppress 2, ECF No. 73.)

Further, the Government provided information about the Georgia State Patrol's involvement in the case in its response to the motion to suppress. (Gov't Resp. Opp'n Mot. Suppress 1, ECF No. 76.) Moreover, defense counsel introduced three exhibits at trial

6

regarding the Georgia State Patrol's involvement and cross-examined Trooper Blair about the involvement of the Georgia State Patrol. (Gov't Resp. Ex. 1, (Tr. Trans. at 101), ECF No. 139-1.) Therefore, Hawkins' claims that his counsel failed to investigate and introduce exculpatory evidence and challenge the government's suppression of exculpatory evidence are without merit. In addition, Hawkins fails to identify any specific witnesses, subpoenas, or evidence that counsel should have obtained to support his wholly conclusory claims that counsel failed to "subpoena alibi witnesses, forensic evidence, and key documents that contradicted the prosecution's case." (Hawkins Resp. Opp'n 1, ECF No. 147.)

Further, Hawkins' conclusory claims that counsel was ineffective in failing to strike government witnesses for perjury and effectively cross-examine codefendant Freddie Boyd ("Boyd") and an informant Christopher Tessigner ("Tessigner") are wholly unsupported. The Government's witnesses were all subjected to thorough cross examination. Hawkins alleges that Trooper Blair, who conducted the traffic stop, provided inconsistent testimony about who told him about the license plate recognition alert. In addition, Hawkins submits that his codefendant and Tessigner provided false and inconsistent testimony. However, merely offering conclusory statements without demonstrating how these alleged errors prejudiced Hawkins is insufficient. Based on the foregoing, Hawkins' ineffective assistance of counsel claims fail on the merits and the Government is entitled to summary judgment on these claims.

### D. Prosecutorial Misconduct Claims

Hawkins alleges that the Government violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in failing to disclose exculpatory evidence and in relying on inconsistent testimony from Boyd and Tessigner. In assessing a claim of prosecutorial misconduct, the court must determine

whether "the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process."  United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (internal quotation marks omitted).  "Generally, due process is denied if the government knowingly uses perjured testimony against the accused to obtain a conviction."  United States v. Griley, 814 F.2d 967, 970-71 (4th Cir. 1987).  However, "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony."  Id. (emphasis added).  Hawkins' conclusory allegations that the Government relied on inconsistent testimony fails to establish a claim of prosecutorial misconduct.

In addition, with respect to withholding exculpatory evidence, as discussed above, evidence concerning the dash and body cam footage and information concerning the Georgia State Patrol's involvement was provided to the defense counsel.  (Gov't Resp. Mot. Suppress 2 n.3, ECF No. 76.)  Notably, defense counsel introduced three exhibits at trial concerning the Georgia State Patrol's involvement and asked Trooper Blair questions about their involvement on cross-examination.  (Gov't Resp. Ex. 1, (Tr. Trans. at 101), ECF No. 139-1.)  Therefore, Hawkins' allegations concerning a Brady violation are completely unfounded because the evidence he alleges was withheld was produced and utilized throughout the case, including prior to trial.

It is therefore

**ORDERED** that Hawkins' motion to supplement, docket number 146, is granted.   It is further

**ORDERED** that Hawkins' § 2255 motion, docket number 129, is denied.   It is further

**ORDERED** that the Government's motion for summary judgment, docket number 140, is granted.   It is further

**ORDERED** that a certificate of appealability is denied because Hawkins has failed to make "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 28, 2025

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.